UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

WILLIAM MONCURE,

      Plaintiff,

v.                                                                        Civil Action No. _____

THE COLLEGE OF WILLIAM AND MARY IN VIRGINIA,
and
JOHNSTON BRENDEL, Ed.D, individually,

      Defendants.

## **COMPLAINT**

COMES NOW the Plaintiff, William Moncure ("Moncure"), by counsel, submits this Complaint against defendants The College of William and Mary in Virginia, ("W&M") and Johnston Brendel, Ed.D ("Dr. Brendel").

## INTRODUCTION

Between August 2019 and February 2021, Moncure was enrolled in W&M's School of Education seeking a master's degree in Clinical Mental Health and Addiction Counseling. Prior to enrolling, Moncure had secured various reasonable accommodations from W&M's Office of Student Accessibility Services for his Major Depressive Disorder. Moncure had done well at his previous academic institutions, graduated with a master's degree in clinical mental health counseling from another university after departing W&M, and is currently a doctoral candidate in clinical psychology, but Dr. Brendel was dismissive to his requested accommodations and created a hostile learning environment that eventually compelled Moncure to quit the program under duress, which set back his educational achievements and life plans.

W&M violated Moncure's rights under Title II of the Americans with Disabilities Act of 1991, 42 U.S.C. § 12131, et seq. (deprivation of public services); and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (nondiscrimination in programs receiving federal funds).

Dr. Brendel violated Moncure's rights to be free of disability discrimination in a public educational environment under federal statutes, refused to honor the disability-related accommodations granted by W&M, and deprived Moncure of his constitutional rights to due process under the Fourteenth Amendment of the United States Constitution, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Finally, Moncure maintains a claim against both defendants for common law intentional infliction of emotional distress.

PARTIES

1. Moncure is a resident of the Commonwealth of Virginia, residing in Fairfax County.

2. W&M is an agency of the Commonwealth and an institution of higher education receiving federal financial assistance.

3. Dr. Brendel holds a doctoral degree in counseling and was during the time period complained of an Associate Professor of the W&M School of Education.

JURISDICTION and VENUE

4. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (violation of civil rights). Venue is proper in this District Court, pursuant to 28 U.S.C. § 1391(b)(1) and (2), as it is the location of the parties and the location of the events complained of herein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Moncure has a mental health diagnosis of Major Depressive Disorder, a condition that causes a persistent feeling of sadness and low energy. The disorder affects how one feels, thinks or behaves, and can lead to a variety of emotional and physical problems.

6. Major Depressive Disorder is an impairment that "substantially limits one or more major life [Moncure's] activities" including sleeping, learning and concentrating. As such, Moncure suffered from a "disability" as defined by the Section 3(1)(A) of the ADA 42 U.S.C. § 12102(1)(A); and Section 7(9) of the Rehabilitation Act, 29 U.S.C. § 705(9).

7. In August 2019, Moncure was admitted to W&M's School of Education to begin an anticipated two-year course of study to obtain a master's degree in counseling.

8. Moncure obtained from W&M's Office of Student Accessibility Services ("SAS") reasonable accommodations for his depression, including flexibility in attending early morning classes due to sleep disturbances.

9. Moncure never needed to actually utilize his the flexible attendance accommodations, nevertheless, Dr. Brendel advised Moncure to drop out of the master's program due to this accommodation. Indeed, Dr. Brendel contacted SAS to advise that Moncure would misuse his accommodations, even though Moncure had not done so.

10. This negative focus on Moncure's disability had the effect of placing him under suspicion of misusing his accommodations and stigmatizing him as posing a problem for the program since he required accommodations. From the beginning of his graduate studies, Moncure felt pressure to resign from the counseling program.

11. Dr. Brendel was an important presence in Moncure's studies since he taught a quarter of Moncure's classes, including the Practicum and Internship.

12. In September 2019, Moncure missed the morning portion of an all-day orientation session for incoming master's students. He gave advance notice that he would miss that portion of the orientation and thereafter diligently obtained the information that he missed from the faculty advisor. Dr. Brendel, nonetheless, reported this absence to SAS, deliberately creating the misimpression that Moncure missed the entire orientation.

13. In October 2019, Moncure participated in a mock group therapy session. The experience evoked negative memories and he had lengthy, hostile interactions with other group members, that caused him to feel ostracized, attacked, anxious and depressed, thereby worsening his depression and prevented him from attending two other classes that day. Moncure asked Dr. Brendel to transfer to a different mock group therapy class that was meeting at the same time, or alternatively, to meet with a substantially similar group therapy class at the Counseling Center, as a form of reasonable accommodation for his condition. Dr. Brendel refused this requested accommodation, telling SAS staff that Moncure was "playing the disability card" and making "excuses" to avoid participation.

14. Dr. Brendel later defended his behavior by falsely claiming that the counseling program's accreditation agency, the Council for Accreditation of Counseling and Related Educational Program ("CACREP"), disallowed such accommodation. In fact, Moncure corresponded with individuals responsible for disability accommodation at CACREP who confirmed that such accommodations were allowed.

15. In March 2020, Moncure emailed Dr. Brendel to arrange a meeting to discuss his accommodations and Dr. Brendel's reaction to them. Dr. Brendel revealed in email correspondence that he misunderstood the nature of his disability and necessary accommodations. Dr. Brendel remarked that Moncure simply was taking "meds that affect

sleeping." Such characterization minimized the Moncure's actual mood disorder to a problem involving medicine side effects.

16. During that same timeframe, Dr. Brendel defended his earlier suggestion that Moncure withdraw from the program, saying "We had never seen something like this before, where you can just not show up for class." Dr. Brendel laughed while saying "just not show up for class," which was, in any event, a false description of Moncure's disability accommodations.

17. At various points in the program, Dr. Brendel referred to his medically documented mood disorder as a "rumored disability" and "anxiety." Although Dr. Brendel expressed confusion as to whether Moncure had actually been granted accommodations, Moncure had informed him of the accommodations granted by SAS.

18. The W&M master's program involves one semester of Practicum (field work) and two semesters of Internship. Moncure received positive feedback from his Practicum supervisor.

19. In January 2021, Moncure began his first Internship at a mental health facility in Williamsburg that he had been warned in advance by Dr. Brendel and others in the program had a poor history with W&M counseling students.

20. Moncure expressed to Dr. Brendel that his supervisor at this Internship had made him feel uncomfortable and had exceeded boundaries with him as a professional. Rather than defend Moncure over the inappropriate conduct he had experienced with the supervisor, Dr. Brendel said that Moncure would have to take the problem up with the supervisor. Dr. Brendel also said that Moncure was having "transference" issues, implying that Moncure felt uncomfortable with the supervisor because of some sort of unresolved mental health problem that Moncure was experiencing.

21. Moncure was eventually fired from this Internship by the same inappropriate supervisor in retaliation for telling her that she made him uncomfortable with her lack of boundaries and her unprofessional behaviors.

22. In February 2021, during a meeting to discuss the dismissal from the Internship, Dr. Brendel refused to disclose to Moncure the reason for the dismissal. Dr. Brendel commented that Moncure needed "intensive therapy." This comment was not made as a sympathetic suggestion for remediation, but rather as an insult.

23. In that same meeting, Dr. Brendel threatened to dismiss Moncure from the master's program unless he resigned. Moncure was aware that an involuntary dismissal or a resignation to avoid an investigation would be noted on his academic transcript and make it harder to transfer to another university program. Dr. Brendel tried to make resignation more tempting by stating if he quit W&M would return to Moncure the tuition he paid for that semester; otherwise, the tuition payment would be forfeited without the benefit of obtaining academic credit.

24. Knowing the adverse consequences that can follow a student involuntarily dismissed from an academic program and understanding that Dr. Brendel and the leadership of the School of Education was unsupportive of him, Moncure resigned from the program under duress on February 16, 2021.

25. The resignation was a constructive discharge since it came about only as a result of threats by Dr. Brendel to Moncure's academic and professional career. Moncure was keenly aware of the difficulty he would face transferring to another academic program if he was involuntarily removed from the W&M.

26. Moncure successfully gained acceptance to another University's graduate counseling program, but he incurred additional tuition and living expenses, had to retake some coursework

6

that the new institution did not accept, and did not receive a certificate for his concentration in

substance abuse counseling, which was his primary area focus while at W&M. He has also

suffered financially as his master's degree was delayed one year, along with the commencement

of his professional counseling career.

27. In addition, Moncure has endured severe emotional distress and mental anguish as a

result of being stigmatized for his depressive disorder by a Dr. Brendel, who as a professional

mental health counselor would be expected to understand and sympathize with mental health

conditions. Moncure sought treatment from W&M Counseling Center for his emotional distress.

COUNT I
VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. § 12131, et seq.
Deprivation of Public Service Due to Disability
(Against W&M)

28. By refusing to allow Moncure reasonable accommodation for his disability,

threatening him with dismissal from the master's program if he did not resign, and constructively

discharging him from the master's program, as described herein, W&M violated Moncure's

rights as a student at a public university governed and maintained by the Commonwealth of

Virginia, in violation of Title II of the ADA governing public services.

29. Moncure has suffered financial damages and injury to his professional career and his

standing in the community, plus emotional distress and psychological damage, suffered from the

disability discrimination, harassment and retaliation fostered as a direct and proximate result of

W&M's deliberate indifference to his rights under the ADA.

COUNT II
VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
29 U.S.C. § 794, et seq.
Disability Discrimination by Program Receiving Federal Funds
(Against W&M)

30. By refusing to allow Moncure reasonable accommodation for his disability,

threatening him with dismissal from the master's program if he did not resign, and constructively

discharging him from the master's program, as described herein, W&M violated Moncure's

rights as a student at a public university governed and maintained by the Commonwealth of

Virginia, in violation of Section 504 of the Rehabilitation Act.

31. Moncure has suffered financial damages and injury to his professional career and his

standing in the community, plus emotional distress and psychological damage, suffered from the

disability discrimination, harassment and retaliation fostered as a direct and proximate result of

W&M's deliberate indifference to his rights under the Rehabilitation Act.

COUNT III
VIOLATION OF 42 U.S.C. SECTION 1983
Deprivation Under Color of Law of Rights Guaranteed
Under Federal Law and Denial of Due Process
(Against Dr. Brendel)

32. By refusing to allow Moncure reasonable accommodation for his disability,

threatening him with dismissal from the master's program if he did not resign, and constructively

discharging him from the master's program, as described herein, Dr. Brendel, acting individually

and under color of state law as a associate professor at W&M's School of Education, violated

Moncure's federal civil rights to be free from disability discrimination and retaliation under the

ADA and Section 504 of the Rehabilitation Act, in violation of 42 U.S.C. § 1983.

33. By refusing to disclose to Moncure the reason for his dismissal from the Internship

and failure to afford him notice of the accusations against him and a hearing to defend himself

and clear his name, despite repeated demand, Dr. Brendel violated Moncure's rights as a student

a public university to due process of law guaranteed by the Fourteenth Amendment to the United

States Constitution, in violation of 42 U.S.C. § 1983.

34. Moncure has suffered financial damages and injury to his professional career and his

standing in the community, plus emotional distress and psychological damage, suffered from the

disability discrimination, harassment and retaliation fostered as a direct and proximate result of

W&M's deliberate indifference to his civil rights under the ADA, the Rehabilitation Act, the Due

Process Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983.

COUNT IV
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against W&M and Dr. Brendel)

35. By refusing Moncure reasonable accommodation for his medically-documented

mental health disability, encouraging him to feel inadequate and unworthy to be enrolled in the

master's program, and forcing him to quit under threat of involuntarily dismissal and financial

punishment, W&M and Dr. Brendel intentionally and deliberately acted in an outrageous manner

to cause academic, financial and emotional harm to Moncure, as described herein, and caused

him extreme emotional distress.

36. Moncure is entitled to compensatory damages for the severe emotional distress

caused by W&M and Dr. Brendel.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff William Moncure respectfully requests judgment in his favor

and against W&M and Dr. Brendel as an individual, jointly and severally such relief from this

Court as outlined below:

A. Compensatory damages for Moncure's academic, financial, psychological and emotional distress and injuries, loss of professional standing, loss of standing in his community, damage to his reputation in the amount of $500,000.00 (Five Hundred Thousand Dollars);

B. Injunctive relief requiring W&M to take effective steps to prevent discrimination and harassment on the basis of disability in his public services and education programs that receiving financial funding from the Federal Government; fully investigate conduct that may constitute disability-based harassment and/or retaliation; appropriately respond to all conduct that may constitute disability-based harassment; and mitigate the effects of harassment including by eliminating any hostile environment that may arise from or contribute to it.

C. Statutory interest;

D. Costs;

E. Reasonable attorney fees under 42 U.S.C. § 1988 and 29 U.S.C. § 794a; and

F. Any other relief this Court deems just and proper.

Respectfully submitted,

WILLIAM MONCURE


By: /s/ Scott G. Crowley
Scott Gregory Crowley (VSB # 31216)
CROWLEY & CROWLEY, P.C.
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel. (804) 205-5010
Fax (804) 800-4243
E-mail:  scrowley@crowleyandcrowley.com
*Counsel for Plaintiff William Moncure*